Exhibit A

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

STEVEN W. DICKERSON, an individual residing in the State of Nevada,

Plaintiff,

vs.

ARCADIAN INFRACOM, INC., a Delaware for-profit corporation, DANIEL DAVIS and JANE DOE DAVIS, and the marital community composed thereof, residents of Missouri.

Defendants.

NO. 22-2-10911-4 SEA

COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT

COMES NOW Plaintiff Steven W. Dickerson, by and through his undersigned counsel of record, and in his Complaint against Defendants Arcadian Infracom, Inc. and Daniel Davis ("Defendants") states and alleges as follows:

## I. PARTIES

1. Mr. Dickerson is an individual residing currently in Nevada, but residing in Seattle, King County, Washington at all times relevant hereto.

2. Defendant Arcadian is a Delaware for-profit corporation with offices in St. Louis, Missouri.

COMPLAINT FOR DAMAGES AND
DECLARATORY JUDGMENT
Page 1

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

3. Defendants Daniel Davis and Jane Doe Davis are residents of Missouri and Daniel Davis is the CEO of Arcadian.

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over the subject matter of this action pursuant to the Constitution of the State of Washington, Art. 4 § 6. Mr. Dickerson brings this action against Defendants in accordance with and pursuant to Washington law.

5. Venue is proper in King County, Washington pursuant to RCW 4.12.020(3) because the action to be tried arose in this county.

## III. FACTS

6. Arcadian is a fiber infrastructure company that provides fiber and telecommunications services to its customers.

7. Mr. Dickerson has had an illustrious career in technology sales: he has over forty years of accomplished experience in the field.

8. In July 2019, Arcadian and Mr. Dickerson entered into an agreement ("***Services Agreement***") whereby Arcadian hired Mr. Dickerson to sell its products and services to prospective customers.

9. The Services Agreement provided that Arcadian could only terminate the agreement without cause after the first anniversary of the effective date (which was July 21, 2019).

10. The Services Agreement also provided that Mr. Dickerson would be compensated in stock and with sales commissions, subject to Arcadian's adoption of a sales compensation plan which may compensate him with "a base salary plus variable compensation."

11. At the outset of his tenure with Arcadian, Mr. Dickerson was provided with training on the company's products and services as well; an Arcadian email address; and a list

COMPLAINT FOR DAMAGES AND
DECLARATORY JUDGMENT
Page 2

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 WWW.HELSELL.COM

of prospective customers he would be working with.

12. In the course of his tenure, Mr. Dickerson worked remotely from his home in Seattle and – at Arcadian's behest – kept regular business hours; utilized customer relationship tools (CRM) for updates on customer meetings and conversations ; attended (virtually) weekly company meetings approximately three to five times a week; logged and provided detailed reports of his contacts with prospective customers; attended conferences (with all expenses paid by Arcadian) as an ambassador for Arcadian; and attended some in-person company meetings and workshops.

13. Despite the fact that the Services Agreement referred to Mr. Dickerson as an independent contractor rather than an employee, Mr. Dickerson is properly classified as an employee because Arcadian controlled Mr. Dickerson's performance of the duties outlined in the Services Agreement.

14. Throughout his time with Arcadian, Mr. Dickerson successfully performed the duties outlined in the Services Agreement (as well as the additional, ancillary services Arcadian requested) and received positive performance feedback.

15. On May 20, 2020, Arcadian's chief executive officer Daniel Davis informed Mr. Dickerson that the company was going to take a "different approach" to its sales and business development needs and would no longer require his services.

16. Mr. Davis provided Mr. Dickerson with a proposed Termination of Agreement and Release ("***Termination Agreement***") which offered Mr. Dickerson – in lieu of the compensation he is owed pursuant to the Services Agreement – commissions on three of his accounts, no stock options, and a $50,000 cash payment to be paid out over the course of a year (but only after closing of the company's contemplated Series B financing round).

17. Mr. Dickerson was asked to return a signed copy of the Termination Agreement "as soon as possible, preferably within the next ten (10) business days."

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

18. Then, despite the fact that Mr. Dickerson did not sign the Termination Agreement, and despite the fact that there was no other mutual agreement to terminate the Services Agreement, Arcadian disabled Mr. Dickerson's access to all Arcadian systems; instructed him to destroy all Arcadian confidential information in his possession; informed others he was no longer with the company; removed his presence from the company's website; and terminated his unvested shares in Carta.

19. Notably, despite Arcadian's representation that it was taking a "different approach" with its sales and business development needs, it did not terminate its relationship with John Pignatelli.

20. Mr. Pignatelli is non-Black person who was hired in the same role as Mr. Dickerson and at the same time, but whose credentials and sales did not match Mr. Dickerson's (a point that Mr. Pignatelli himself has admitted).

21. As of the date of this complaint, Arcadian has not paid Mr. Dickerson remuneration in any form for the work performed.

22. Upon information and belief, Arcadian owes Mr. Dickerson commissions on sales he made pursuant to the Services Agreement.

## IV. FIRST CAUSE OF ACTION

## RACE DISCRIMINATION IN VIOLATION OF CHAPTER 49.60, REVISED CODE OF WASHINGTON

23. Mr. Dickerson alleges and incorporates herein the allegations set forth above.

24. The Washington Law Against Discrimination protects independent contractors from discrimination. RCW 49.60.030(1); *Currier v. Northland Servs., Inc.*, 182 Wn. App. 733, 744, 332 P.3d 1006, 1012 (2014).

25. As a Black person, Mr. Dickerson is in a protected class due to his race.

26. At all relevant times, Mr. Dickerson was satisfactorily performing his

COMPLAINT FOR DAMAGES AND
DECLARATORY JUDGMENT
Page 4

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

obligations under the Services Agreement.

Arcadian improperly terminated the Services Agreement as a result of discriminatory animus against Mr. Dickerson.

27. As a result of Arcadian's unlawful conduct, Mr. Dickerson has suffered substantial damages including lost pay, emotional distress damages, and attorneys' fees and costs.

## V. SECOND CAUSE OF ACTION

## RACE DISCRIMINATION IN VIOLATION OF CHAPTER 14.04, SEATTLE MUNICIPAL CODE

28. Mr. Dickerson alleges and incorporates herein the allegations set forth above.

29. The Seattle Municipal Code protects employees from race discrimination. SMC 14.04.040(A).

30. As a Black person, Mr. Dickerson is in a protected class due to his race.

31. At all relevant times, Mr. Dickerson was satisfactorily performing his obligations under the Services Agreement.

32. Arcadian improperly terminated Mr. Dickerson's employment as a result of discriminatory animus against him.

33. As a result of Arcadian's unlawful conduct, Mr. Dickerson has suffered substantial damages including lost pay, emotional distress damages, and attorneys' fees and costs.

## VI. THIRD CAUSE OF ACTION

## DECLARATORY JUDGMENT RE: WAGES DUE PURSUANT TO CHAPTER 49.52, RCW

34. Mr. Dickerson alleges and incorporates herein the allegations set forth above.

35. An actual, justiciable dispute exists between the parties regarding wages due

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

by Arcadian to Mr. Dickerson.

36. Mr. Dickerson is entitled to a declaratory judgment regarding wages due to him by Arcadian.

### VII. FOURTH CAUSE OF ACTION
### WAGES DUE PURSUANT TO CHAPTER 49.12 RCW

37. Mr. Dickerson alleges and incorporates herein the allegations set forth above.

38. It is unlawful to employ workers in Washington at wages not adequate for their maintenance.

39. Defendants have paid no wages at all to the plaintiff despite a year of labor on their behalf.

40. Failure to pay any wage was willful.

41. Defendant Davis, as CEO of the company, is personally liable for the failure to compensate the plaintiff in any manner whatsoever.

42. Mr. Dickerson has been damaged in amounts to be proven at trial.

### VIII. FIFTH CAUSE OF ACTION
### BREACH OF CONTRACT

43. Mr. Dickerson alleges and incorporates herein the allegations set forth above.

44. The Services Agreement was an enforceable agreement between Mr. Dickerson and Arcadia

45. Under the terms of the Services Agreement, Arcadian could not terminate the agreement without cause until July 21, 2020.

46. By terminating the agreement in May 2020, Arcadian breached the terms of the Services Agreement.

47. As a result of Arcadian's unlawful conduct, Mr. Dickerson has suffered substantial damages.

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

## IX. SIXTH CAUSE OF ACTION

## UNJUST ENRICHMENT

48. Mr. Dickerson alleges and incorporates herein the allegations set forth above

49. Defendants received the benefit of Mr. Dickerson's work.

50. The benefit was conferred at Mr. Dickerson's expense.

51. The circumstances make it unjust for Defendants to retain the benefit without payment.

52. Defendant Davis, as CEO, is personally liable for the failure to compensate Mr. Dickerson.

53. Mr. Dickerson has been damaged in amounts to be proven at trial.

## X. SEVENTH CAUSE OF ACTION

## QUANTUM MERIUT

54. Mr. Dickerson alleges and incorporates herein the allegations set forth above

55. Mr. Dickerson worked for the defendants at their request.

56. Mr. Dickerson expected to receive payment for his services.

57. The defendants knew that Mr. Dickerson expected to receive payment for his work, but paid him nothing.

58. Defendant Davis is the CEO of the company, and is personally liable for the failure to compensate Mr. Dickerson.

59. Mr. Dickerson has been damaged in amounts to be proven at trial.

## XI. EIGHTH CAUSE OF ACTION

## TERMINATION IN VIOLATION OF PUBLIC POLICY

60. Mr. Dickerson alleges and incorporates herein the allegations set forth above.

61. Arcadia, in recognition of the illegal and unenforceable nature of its purported compensation scheme, terminated Mr. Dickerson when he refused to execute a release from

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

1 | liability.

62. Terminating Mr. Dickerson for refusing to agree to incomplete and illusory compensation is a violation of public policy.

63. Mr. Dickerson has been damaged in amounts to be proven at trial.

## XII. PRAYER FOR RELIEF

WHEREFORE, Mr. Dickerson prays for relief against Arcadian as follows:

1. For an award of lost pay (including back pay and front pay) and other forms of compensation, in an amount to be proven at trial;

2. For exemplary damages as authorized under Washington law;

3. For an award of emotional distress damages in an amount to be proven at trial;

4. For an award of attorneys' fees and costs;

5. For a declaratory judgment regarding wages due;

6. For prejudgment interest on the sum due; and

7. For such other relief as the Court may deem equitable and just.

RESPECTFULLY SUBMITTED THIS __13th__ DAY OF July, 2022.

HELSELL FETTERMAN LLP


_/s/Karen A. Kalzer_
Karen A. Kalzer, WSBA No. 25429
*Attorney for Plaintiff Steven W. Dickerson*

COMPLAINT FOR DAMAGES AND
DECLARATORY JUDGMENT
Page 8

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM