UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN W. DICKERSON,

         Plaintiff,

v.

ARCADIAN INFRACOM, INC., et al.,

         Defendants.

Case No. 2:22-cv-1088-TLF

ORDER

This matter comes before the Court on Defendants' motion to transfer venue under 28 U.S.C. § 1404(a), or motion to dismiss under the doctrine of *forum non conveniens* under Fed. R. Civ. P. 12(b)(3). Dkt. 14.

The lawsuit pertains to a contract between Steven W. Dickerson, plaintiff, for consulting services provided to Defendant Arcadian Infracom, Inc. Dkt. 15, Declaration of Daniel Davis; Dkt. 15-1, Agreement dated July 21, 2019. The agreement states that "[a]ny proceeding arising relating to this Agreement must be brought in a state court in St. Louis, Missouri, and each party irrevocably submits to the jurisdiction and venue of such courts." *Id.*

DISCUSSION

Under 28 U.S.C. § 1391(b)(1), "a civil action may be brought in ... a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." A corporate entity "shall be deemed to reside ... in any

ORDER - 1

judicial district in which such defendant is subject to the court's personal jurisdiction." *Id.* § 1391(c). The defendants do not contend they are not subject to the Court's personal jurisdiction. *See* Dkt. 7, Defendants' Answer and Counterclaims, at 2, 7 (objecting to venue based only on the forum-selection clause of the contract, but not otherwise objecting to jurisdiction). Accordingly, the defendants have sufficient contacts with the State of Washington for venue purposes. *See* 28 U.S.C. § 1391(b).

The defendants assert that, despite proper venue, the Court should transfer the case to a different federal court, or should dismiss for *forum non conveniens*.

The defendants advocate for transfer under 28 U.S.C. § 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

District courts decide motions for transfer and motions to dismiss under Fed. R. Civ. P. 12(b)(3), on an "individualized, case-by-case consideration of convenience and fairness" and analyze nine-factors to determine whether to transfer a case. *Yei A. Sun v. Advanced China Healthcare, Inc.,* 901 F.3d 1081, 1087-1088 (9th Cir. 2018); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal footnote and citation omitted). The defendant bears the burden, under the traditional analysis of *forum non conveniens,* of showing an adequate alternative forum exists; and the balance of factors including private interest, and public interest, favor dismissal. *Ayco Farms, Inc., v. Ochoa,* 862 F.3d 945, 948 (9th Cir. 2017).

The analysis balances the following factors: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the

governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, ... (8) the ease of access to sources of proof," (9) whether there is a forum-selection clause in the parties' contract; and (10) the public policy considerations of the forum state. *Jones,* 211 F.3d at 498-99.

In this case, there is a forum-selection clause; if the forum-selection clause is valid, then plaintiff bears the burden of showing that dismissal would not be appropriate – because plaintiff filed the lawsuit challenging the contract in a forum different from the St. Louis, Missouri state court the parties had agreed to in the forum-selection clause of this contract. *Atlantic Marine Const. Co., Inc. v. U.S. Dist Court for the Western Dist. of Texas,* 571 U.S. 49, 67 (2013). Plaintiff argues that under Washington State law, the forum-selection clause would be invalid. Plaintiff also argues that because the forum-selection clause identifies "a state court in St. Louis, Missouri" as the agreed-upon venue, the forum-selection clause cannot be relied upon as a basis for transfer.

"Although a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Fed. R. Civ. P. 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas,* 571 U.S. 49, 59 (2013). Yet, if the forum that is designated in the forum-selection clause of a contract is a state court, the federal court lacks authority to transfer under § 1404(a), because this statute only allows the federal district court to transfer to another federal district court. *Id.,* at 60; *see*

1 *also, Murphy v. Schneider National, Inc.,* 362 F.3d 1133, 1144, n. 5 (9th Cir. 2004). Where venue is specified with mandatory language, the clause will be enforced. *Docksider, Ltd., v. Sea Technology, Ltd.,* 875 F.2d 762, 764 (9th Cir. 1989).

In the present case, the forum-selection clause does not generally include a federal court, nor does it specifically identify the United States District Court for the Eastern District of Missouri. Instead, it states that the parties agreed and consented to jurisdiction only in the Missouri state courts located in St. Louis, Missouri. Dkt. 15, Declaration of Daniel Davis; Dkt. 15-1, Agreement dated July 21, 2019 at 4, ¶ 8.4.

The Eastern District of Missouri is the venue requested for transfer, under § 1404(a) by the defendant -- but even if this Court had authority to transfer the case to the Eastern District of Missouri (which it does not), neither party would be able to file a motion to remand the case to state court, invoking the forum-selection clause. *See, Bloom v. Barry,* 755 F.2d 356, 358 (3rd Cir. 1985) ("Remand means 'send back.' It does not mean 'send elsewhere.'"); *cf., Dynamic CRM Recruiting Solutions, L.L.C.,* 31 F.4th 914, 922-923 (5th Cir. 2022); *Milk "N" More, Inc., v. Beavert,* 963 F.2d 1342, 1346 (10th Cir. 1992) (federal court properly rejected removal from state court, when forum-selection clause allowed only a suit in state court); *Karl Koch Erecting Co., Inc., v. New York Convention Center Development Corp.,* 838 F.2d 656 (2nd Cir. 1988) (federal court properly remanded to state court pursuant to a form-selection clause).

Plaintiff contends that state law governs the validity of a forum-selection clause, and Washington state law should be applied in this situation. Dkt. 18, Plaintiff's Response, at 6-9. Plaintiff's complaint asserts only state law claims for violations of the Washington State Constitution, Washington statutes, and Seattle Municipal Code; the

defendant's removal motion reflects that diversity jurisdiction is the only basis for federal court jurisdiction. Dkt. 1, Notice of Removal, at 3; Dkt. 1-1, Complaint.  A federal court, sitting in diversity jurisdiction, applies state law of the forum state when interpreting a contract and deciding whether a forum-selection clause is valid. *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.,* 28 F.4th 956, 964-967 (9th Cir. 2022), *cert. pending* No. 22-252, filed 9-16-2022); *see also, Lee v. Fisher,* 34 F.4th 777, 781-782 (9th Cir. 2022) (the district court should look to law of the forum where suit has been brought to determine whether plaintiff identified any statutory law or case law showing a strong public policy that the forum-selection clause is unenforceable); *but see, Yei A. Sun v. Advanced China Health Care, Inc.,* 901 F.3d 1081, 1086 (9th Cir. 2018) (applying federal law "to interpret the scope of a forum-selection clause even in diversity actions").

      The Washington Supreme Court has held that "[f]orum selection clauses are prima facie valid." *Dix v. ICT Group, Inc.,* 160 Wn.2d 826, 834 (2007). When assessing the validity of a forum-selection clause, the Washington Supreme Court does not accept the pleadings as true; the challenging party is required to present evidence to make a clear showing to justify nonenforcement. *Id.,* at 835. The clause is unenforceable if the challenging party makes a clear showing that in the particular circumstance, enforcement would be unreasonable. The clause may be found to be unreasonable if it was induced by fraud or overreaching, the contractually selected forum is so unfair and inconvenient that it would, for all practical purposes, deprive plaintiff of its day in court or deprive it of a remedy, or if enforcement would contravene a strong public policy of the state where the lawsuit is filed. *Id.*

ORDER - 5

Here, the Court concludes that the balance of factors weighs in favor of dismissing plaintiffs' claims – under the forum-selection clause, and the *forum non conveniens* doctrine. Fed. R. Civ. P. 12(b)(3).

Although plaintiff asserts that all claims arise under Washington law, requiring the interpretation of Washington law, and the events at issue in this case occurred while plaintiff resided in Washington, the Court is mindful that under Washington law, "[f]orum selection clauses are prima facie valid." *Dix v. ICT Group, Inc.,* 160 Wn.2d 826, 834 (2007).

In this case, plaintiff has not made a clear showing that the forum-selection clause would be invalid under Washington law. There has been no showing of fraud or overreaching. Plaintiff states that he did not hire an attorney to review the agreement before he signed the contract. Dkt. 20, Declaration of Steven W. Dickerson, at 2. This is not a situation where plaintiff was unsophisticated in business matters, or particularly vulnerable. Plaintiff states that he lived and worked in Washington State for many years and held positions with many different companies as sales director, and account manager. *Id.* at 1-2 ("In 2019 I was not working and this was by choice. I had no intention of working again, I was ready to enjoy retirement.")

Defendants had business reasons for including this forum-selection clause. The defendants' business is a Delaware for-profit corporation, with offices located in St. Louis Missouri, and the primary defense witnesses as well as Mr. Davis, CEO of Arcadian, are also located in Missouri. Dkt. 1-1, Complaint, at 2; Dkt. 7, Answer, at 1,2. Dkt. 15, Davis Decl. at 2-3.

ORDER - 6

Plaintiff has not made a clear showing that it would be unreasonable to enforce the forum-selection clause in this contract. Plaintiff currently resides in Nevada and would be required to travel from Nevada to Washington if there were in-person hearings for this case in the Western District of Washington. He has made no showing that in-person travel to Missouri would be more onerous. Nor has he made a showing that in-person travel will be required regardless of whether venue is in Western District of Washington or the state courts of St. Louis – video conferencing and other technology commonly used in litigation may allow the parties to avoid in-person court appearances.

Having determined that the forum-selection clause would be enforceable under Washington law, the Court applies the analysis of *Atlantic Marine Const. Co., Inc. v. U.S. Dist Court for the Western Dist. of Texas,* 571 U.S. 49, 66 (2013). In the *Atlantic Marine* opinion, the Court observed, "in all but the most unusual cases . . .'the interests of justice' is served by holding the parties to their bargain" for the forum-selection clause they negotiated in the contract. Plaintiff has not met the burden of showing extraordinary circumstances that would cause the Court to deem this a most unusual case. *Cf. Gemini Technologies, Inc. v. Smith & Wesson Corp.,* 931 F.3d 911, 916 (9th Cir. 2019) (finding that a forum-selection clause would not be enforced because of extraordinary circumstances, where there was an Idaho statute clearly stating a strong public policy against a forum-selection clause such as the clause at issue in that litigation).

Plaintiff and defendant agreed to a forum-selection clause that provided the parties consented to a forum in a state court in St. Louis, Missouri. Under *Atlantic Marine Const. Co., Inc. v. U.S. Dist Court for the Western Dist. of Texas*, the Court finds that defendant's motion to dismiss should be granted.

ORDER - 7

1    "[W]hen the parties' contract contains a valid forum-selection clause, which

2  'represents the parties' agreement as to the most proper forum'", the district court does

3  not apply all of the traditional factors – instead, it must adjust the analysis. *Atlantic

4  Marine,* at 63 (citations omitted). Plaintiff's choice of forum is not given any weight; the

5  parties' private interests are not considered; and the original venue's choice of law rules

6  will not apply. *Id.,* at 60-61, 64-65. The district court should dismiss the case, except

7  where there are extraordinary circumstances that clearly disfavor dismissal – but the

8  court considers only circumstances that are not related to the private interests of the

9  parties. *Id.* at 52, 63-64.

10    The Ninth Circuit has identified the following circumstances as being

11  "extraordinary": "(1) when the forum-selection clause is invalid because of 'fraud or

12  overreaching,' (2) when enforcement of the clause 'would contravene a strong public

13  policy of the forum in which suit is brought, whether declared by statute or by judicial

14  decision,' or (3) when the forum would be 'so gravely difficult and inconvenient' that the

15  plaintiff 'will for all practical purposes be deprived of his day in court.'" *Lee v. Fisher,* 34

16  F.4th 777, 780-781 (9th Cir. 2022) (internal citation omitted) (quoting, *M/S Bremen v.

17  Zapata Off-Shore Co.,* 407 U.S. 1, 15, 18 (1972)).

18    In this case, litigation in St. Louis, Missouri would shift rather than eliminate costs

19  and discovery logistics of the parties and for potential witnesses.

20    Regarding the public interests, public policy factors include the "local interest in

21  having localized controversies decided at home" and deciding cases "where the claim

22  arose." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.

23  1986). Here, both Missouri and Washington have an interest in whether contracts for

24

25

ORDER - 8

consulting services such as the agreement of the parties in this case are accurately interpreted under the law, and properly enforced.

Plaintiff argues that Washington State Laws Against Discrimination make a difference under the public factors part of the analysis. The Washington Supreme Court has held that "the right to be free from discrimination is nonnegotiable and cannot be waived in a contract. *Commodore v. University Mechanical Contractors, Inc.,* 120 Wn.2d 120, 129-131 (1992); *Acharya v. Microsoft Corp.,* 189 Wn. App. 243, 255-256 (2015). However, the contract in this case contains provisions stating that plaintiff and defendants agreed to an independent consulting relationship. Dkt. 15-1 at 2, 3, ¶ ¶ 1, 8.1.

Under RCW 49.60.180, and WAC 162-16-170, the Washington Laws Against Discrimination apply to unfair practices in employment but do not apply to independent contractors. *DeWater v. State,* 130 Wn.2d 128, 138-141 (1996). The contract between plaintiff and the defendants describes a relationship where plaintiff was designated an "independent consultant" and not a partnership, joint venture, or employer-employee relationship; plaintiff controlled his work space, working hours, and the defendants agreed "[t]he Company has no right to control or direct the details, manner or means by which Consultant provides Services hereunder. . ." Dkt. 15-1 at 2, 3, ¶ ¶ 1, 8.1. Under these circumstances, Washington State law does not, by case law or statutory law, have a strong public policy in favor of litigating plaintiff's claims in Washington State.

Plaintiff argues that he will be deprived of his day in court if this case is dismissed under Fed. R. Civ. P. 12(b)(3). But plaintiff has not shown the state courts in St. Louis, Missouri would be unable to adjudicate the issues, and the fact that it would potentially

ORDER - 9

be more difficult to litigate in St. Louis does not tip the balance in favor of plaintiff. *Yei A. Sun v. Advanced China Healthcare,* 901 F.3d at 1091-1093.

Balancing the public interest factors, the Court finds that dismissal of this case is appropriate. And, as discussed above, Washington State law does not have any strong statutory or common law policy against a forum-selection clause such as the clause in the parties' contract at issue in this case.

Thus, defendants' motion to dismiss is GRANTED pursuant to the doctrine of *forum non conveniens* under Fed. R. Civ. P. 12(b)(3).

Dated this 12th day of October, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 10